**Roberta Lynn PORCO, Petitioner**

v.

**Michael P. HUERTA, Acting Administrator, Federal Aviation Administration, et al., Respondents.**

**No. 11–1312.**

United States Court of Appeals, District of Columbia Circuit.

May 21, 2012.

Joseph Michael Lamonaca, Esquire, Joseph Michael Lamonaca, Attorney at Law, P.C., Wilmington, DE, for Petitioner.

Amanda Kate Bruchs, Federal Aviation Administration, Benjamin M. Shultz, Mark B. Stern, Robert Evans Kopp, U.S. Department of Justice, Washington, DC, for Respondents.

Before: HENDERSON, ROGERS and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the National Transportation Safety Board ("Board") and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

Roberta Porco, a pilot of over fifteen years, petitions for review of the Board's Opinion and Order of July 15, 2011, reversing the decision of the Administrative Law Judge ("ALJ") that she had not violated 14 C.F.R. § 67.403(a)(1), and revoking her airman and medical certificates, *see id.* § 67.403(b)(1). She contends the Board's decision is contrary to its precedent and the record. Neither her substantive nor procedural contentions have merit.

On remand by the Board for clarification of his initial oral decision, the ALJ found that in failing to disclose a 2010 arrest for driving under the influence of alcohol ("DUI") on her medical-certificate application (Question 18v), Porco had provided only an incorrect—not an intentionally false—answer because erroneous legal advice had caused her to misunderstand her reporting obligation. Upon review of the record, the Board found that this critical credibility determination was arbitrary and capricious, and therefore reversed the ALJ's § 67.403(a)(1) finding and revoked Porco's medical and air certificates. The Board's decision will not be disturbed on

appeal unless it is arbitrary and capricious or contrary to law or its findings are not supported by substantial evidence in the record. *See Dillmon v. NTSB*, 588 F.3d 1085, 1089 (D.C.Cir.2009).

In the past, the Board had used several formulations for its deferential standard of review of ALJ credibility determinations. *See, e.g., Chirino v. NTSB*, 849 F.2d 1525, 1530 & n. 6 (D.C.Cir.1988). In the challenged Opinion, the Board clarified "that resolution of a credibility determination, unless made in an arbitrary or capricious manner, is within the exclusive province of the" ALJ. *Adm'r v. Porco ("Porco II")*, NTSB Order No. EA–5591, 2011 WL 2945809, at *5 (July 15, 2011) (emphasis removed); *see also id.* at *7. Having explained its reasoning, the Board committed no error. *See Dillmon*, 588 F.3d at 1095.

The Board found that the ALJ's critical credibility determination was arbitrary and capricious for essentially two reasons. *See Porco II*, NTSB Order No. EA–5591, at *8–10. The ALJ had failed to explain "why he chose to believe the uncorroborated, self-serving testimony of [Porco] on th[e] single issue of her reliance on the advice of counsel in not reporting her arrest, when the [ALJ] clearly did not believe the rest of her testimony." *Id.* at *11. Nor had the ALJ adequately accounted for the many portions of the record, including the eyewitness testimony of the arresting police officer, a letter written by Porco herself admitting she had been arrested in direct contradiction of her later testimony that she had *not* been arrested, and her testimony regarding a 2004 incident in which she also offered reliance on erroneous legal advice as an excuse for failing to report a driver's-license suspension following a 2002 DUI charge. *See id.* at *8–10. As regards the latter, the ALJ ignored the conflict between Porco's testimony that she had at all times correctly reported her 2002 DUI charge and resulting driver's-license suspension and the record showing that she had not done so initially and had come into compliance only after the Federal Aviation Administration ("FAA") threatened to revoke her certificates. The record amply supports the Board's conclusion that the ALJ's order on remand failed to explain these and other inconsistencies in Porco's testimony and that this failure was particularly egregious in view of the ALJ's observation that Porco had been "less than candid, forthright, or responsive" at various points of the hearing, *Adm'r v. Porco*, NTSB Order No. EA–5589, 2011 WL 2658812, at *5 (June 27, 2011).

Proceeding to make its own factual determination, the Board found that Porco's testimony that she relied on erroneous legal advice in filling out the medical-certificate application and had no intent to falsify her response was "nonsensical" and "very vague and contradictory." *Porco II*, NTSB Order No. EA–5591, at *10. That determination is supported by substantial evidence in the record and therefore will not be disturbed by the court. *See Dillmon*, 588 F.3d at 1095. In petitioning for review, Porco makes no serious effort to attack the specific deficiencies in the ALJ's credibility determination that the Board identified in its Opinion. She relies primarily on her own testimony and the ALJ's conclusion she had not intended to deceive the FAA and offers no explanation of the contradictory evidence in the record. *See* Petr.'s Br. at 11–13, 19–21. The Board properly examined the objective facts relating to Porco's arrest in evaluating whether she knew her answer to Question 18v was false at the time she made it. *See Cooper v. NTSB*, 660 F.3d 476, 481 (D.C.Cir.2011). It also properly considered her asserted subjective belief that she had not been arrested as well as her concession that she had not been confused by

4

Question 18v. *See Dillmon,* 588 F.3d at 1094. The Board persuasively explained why the ALJ had acted arbitrarily in crediting Porco's testimony. Indeed, the fact that Porco offered the same excuse for failing to disclose her license suspension in 2004 that she offered for failing to report her DUI arrest in 2010—reliance on erroneous legal advice—could reasonably cause the Board, under the circumstances, to doubt her explanation.

Porco has forfeited her contentions that the Board lacked authority to remand her case to the ALJ on an expedited schedule. She did not raise these objections before the Board and offers no "reasonable ground" for failing to do so. *See* 49 U.S.C. § 46110(d). In any event, the Board committed no procedural error warranting reversal, *see* 49 C.F.R. §§ 821.2, 821.49(b),

and Porco fails to identify any prejudice, *see* 5 U.S.C. § 706; *First Am. Discount Corp. v. Commodity Futures Trading Comm'n,* 222 F.3d 1008, 1015 (D.C.Cir. 2000); *Air Canada v. Dep't of Transp.,* 148 F.3d 1142, 1154 (D.C.Cir.1998).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).